UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MLW ASSOCIATES, INC.,**

      **Plaintiff,**

                                          Case No. 02-CV-72012

v.

                                          HONORABLE DENISE PAGE HOOD

**CERTIFIED TOOL &
MANUFACTURING, CORP.,**

      **Defendant.**

_____/

<u>**MEMORANDUM OPINION & ORDER REGARDING
SUBMISSION FOR FEES AND EXPENSES**</u>

**I.    BACKGROUND**

       This matter is before the Court on Defendant's Submission for Fees and Expenses in accordance with the March 28, 2003 Memorandum Opinion & Order. The March 28, 2003 Order granted Defendant's Motion to Dismiss and Defendant's Motion for Sanctions. On April 4, 2003, Defendant filed the present Submission for Fees and Expenses, seeking an award of $34,721.15 for the costs and fees it has allegedly incurred in preparing and arguing its Motion to Dismiss and Motion for Sanctions. On April 24, 2003, Plaintiff filed a Brief in Opposition, to which Defendant replied on May 2, 2003. For the reasons set forth below, the Court awards Defendant $7,800.00 in fees and expenses pursuant to the March 28, 2003 Memorandum Opinion and Order.

**II.    APPLICABLE LAW & ANALYSIS**

       In its previous Motion, Defendant sought sanctions pursuant to Fed. R. Civ. P. 11 and L.R. 11.1. Rule 11 states as follows:

       If, after notice and a reasonable opportunity to respond, the court determines that

> subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

L.R. 11.1 gives this Court the discretion to impose an appropriate sanction upon the attorneys, law firms, or parties that have knowingly violated the Local Rules or are responsible for the violation.

To determine whether Rule 11 has been violated, this Court must assess whether the individual's conduct was objectively reasonable under the circumstances. *Business Guides v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 554 (1991); *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990). *Jackson v. Law Firm*, 875 F.2d 1224, 1229-30 (6th Cir.1989), sets out the factors to be considered when making an award of sanctions under Rule 11. The first and most important factor is deterrence. *Id.* at 1229. Second, the sanctions are meant to compensate the party receiving the award for expenses incurred in litigating the improperly filed suit and the sanctions motion. These two factors must be balanced.

Because deterrence is the primary goal, the minimum amount necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party. *Id.* The third factor is mitigation. The moving party must mitigate its expenses by not expending useless effort on frivolous actions. That party "must act [ ] promptly and avoid[ ] any unnecessary expenses in responding to papers that violate the rule." *Id.* at 1230. Finally, there must be a consideration of the sanctioned party's ability to pay. The idea is not to bankrupt an attorney, but to deter him from repeating the conduct prohibited by Rule 11. *Danvers v. Danvers*, 959 F.2d 601, 604 (6th Cir. 1992). Therefore, any sanctions imposed should be no more severe than is necessary to deter these abuses. *See Fed.R.Civ.P. 11(c)(2); Jackson*, *supra.*

In fashioning an appropriate sanction, the court may consider past conduct of the individual

responsible for violating Rule 11. *Kramer v. Tribe,* 156 F.R.D. 96, 104 (D.N.J.1994). Rule 11 gives the court wide discretion in selecting an appropriate remedy, including the authority to issue directives of a non-monetary nature. Fed.R.Civ.P. 11(c)(2); *see also, Tidik v. Ritsema,* 938 F.Supp. 416, 427 (E.D. Mich. 1996).

Applying the case law to the facts of this case, the Court finds that an award in the amount of $34,721.15 would be excessive. The Court has carefully reviewed Defendant's Submission for Fees and Expenses, and finds that an award of $7,800.00 is more appropriate. Exhibit B to Defendant's Submission contains a detailed itemization of the $34,721.15 figure, listing the date, description, attorney, hours worked, hourly rate, and the dollar amount billed for over fifty separate entries. (See Ex. B to Def.'s Submission for Fees and Expenses.) Exhibit B to Plaintiff's Brief in Opposition breaks the amount sought into general categories: research and review of cases; drafting; conferences; and review and revisions. (See Ex. B to Pl.'s Br. in Opp.)

The Court awards Defendant fees and expenses corresponding only to the lead attorney in this matter, Michael D. Sher. The amounts sought for Attorneys Seifman and Minor will not be awarded. The Court awards Defendant 5.0 hours at a rate of $390.00 per hour for Attorney Sher's research and review of cases, totaling $1,950.00. The Court further awards Defendant 7.50 hours for Attorney Sher's drafting of various pleadings and correspondences associated with the case, for a total of $2,925.00. The Court also awards Defendant 7.5 hours for Attorney Sher's review and revisions, adding another $2,925.00 to the amounts listed above. The Court does not award Defendant any amount for conferences or travel time. In sum, the Court awards Defendant $7,800.00 in fees and expenses.

Accordingly,

IT IS ORDERED that Defendant's Submission for Fees and Expenses **[Docket No. 20, filed April 4, 2003]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant be awarded $7,800.00 for fees and expenses incurred in defending this case.

                                              /s/ Denise Page Hood  
                                              DENISE PAGE HOOD  
                                              UNITED STATES DISTRICT JUDGE

DATED:   August 23, 2005